Wood, J.
We will dispose of the questions raised by the assignments of error, in the order in which they stand on the record. • Did the court err in excluding from the jury, as evidence, the papers-marked A, B, C, and D,. or the other evidence offered by the plaintiff in error, as set forth in the bill of exceptions? To determine this question, it is necessary to refer to the state of the pleadings, and inquire as to the sufficiencj’’ of the notice. In the action of trespass, quare clausum fregit, under the general issue, at common law, the defendant can only give such evidence as falsifies the plaintiff’s declaration, as by showing that he did not break the close in the manner laid. Gil. Ev. 221; 2 Term, 166 ; 2 Wils. 173. Every matter in justification or bar must be specially pleaded. To simplify, prevent delay, and avoid unnecessary expense, the statute of Ohio has provided that, instead of a special plea, the defendant may give notice of the facts on which he will rely to bar the suit. It would seem to follow, that, while form is thus dispensed with, every notice should contain the substqnce which, when proved, would constitute a complete bar. This court so decided in Reynolds v. Rogers’ Ex’rs, 5 Ohio, 169.
If we look to the charter of this company (26 Ohio 1¡. 149, sec. 7), it only authorizes an entry on the land of an individual to take materials, when necessity compels, in order fo construct the road. If materials can bo found upon the lqnd condemned for the road, no authority to enter on adjoining 'Hand is conferred, Nor does the charter authorize an entry, unless the land be un *22 improved. The notice is silent as to the necessity of obtaining the stone of the plaintiff, in order to make the road. It does not suggest that any such proof will be made on the trial. There is nothing said in it of any evidence to be adduced that there was not sufficient material for every purpose of the road, within its lines, but only that the entry was made on unimproved lands. It is also necessary to state the circumstances which constitute the necessity to make the entry. In Fulton v. Monahan, 4 Ohio, 426, this court have said : “ In trespass, for breaking one’s close and carrying away stone, it is not enough to say, in justification, that the stone was needed in the construction of the National road. The circumstances that constitute such necessity must be sef forth ; ” and the reason is, that the plaintiff may know what is relied upon, and prepare to meet it by proof, and that the court may see whether the proof to be offered will constitute a bar to the action. The notice is, therefore, in our opinion, defective. A special plea which contained the same facts only would be bad on general demurrer. This is a rule by which to determine the sufficiency or insufficiency of the notice. Reynolds v. Rogers’ Ex’rs, 5 Ohio, 169. All evidence under the notice was legally excluded.
By the third and fourth assignments, we infer, counsel suppose the court excluded the evidence, on the ground that section 7 of the charter was unconstitutional in permitting the property of tho plaintiff below to be paid for in fancied benefits, to be derived from tho location and completion of the road. If so, the bill of exceptions contains no evidence of it. Nor is it necessary to inquire whether the reason for the opinion of the court was sound or unsound. But is the judgment of the court, on the point in issue, sustained by the record? Fulton v. Monahan, 4 Ohio, 426; Westerhaven v. Clive, 5 Ohio, 136. Under the general and last assignment, we suppose, is intended to be embraced the refusal of the court to charge the jury, as asked by tho defendant’s counsel. Had the charge been given after the exclusion of tho defendant’s *testimony, there was no possible state of the case to which it could have had any application. Under such circumstances, to withhold a correct opinion, or to express one to the jury which is incorrect, does not lay the foundation for a writ of error. Reed v. McGrew, 5 Ohio, 379. Judgment affirmed.